IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARY ANN SHULA                                                                              PLAINTIFF

v.                                    CASE NO. 4:07-CV-00922 BSM

BANK OF AMERICA, N.A.                                                               DEFENDANT

ORDER

Pending before the court are defendant's motion for summary judgment [Doc. # 59] and plaintiff's motion for partial summary judgment [Doc. # 64]. For the reasons stated below, defendant's motion for summary judgment [Doc. # 59] is granted and plaintiff's motion for partial-summary judgment [Doc. # 64] is denied.

BACKGROUND FACTS:

This is an action for breach of contract, breach of fiduciary duty, and for declaratory relief concerning an irrevocable trust. Plaintiff was once married to Jackson "Jack" T. Stephens. On or about June 18, 1991, Jack Stephens filed for divorce from plaintiff. Stephens and plaintiff entered into a settlement agreement with an addendum that finalized the terms of their divorce. The settlement agreement provided for the creation of a trust to provide alimony payments of $1,000,000 per year to plaintiff for the remainder of her life. As per the terms of the settlement agreement, Stephens and Union National Bank, a predecessor to defendant Bank of America, as trustee, were parties to an Irrevocable Trust created on June 26, 1991, to fund plaintiff's alimony payments. The trust was initially funded with $7,250,000 in ICH Corporation subordinated debentures, a $1,000,000 U.S.

Treasury Bond, and $500,000 in cash.

The overriding structure of the trust allows the settlor to fund the trust and to retain control over the assets that make up the trust estate. The type of assets making up the trust estate are within the total control of the settlor. Any additional net income generated by the trust is to be distributed to the settlor or his designee. Upon termination of the trust, the remaining assets in the trust are to be distributed to settlor or his designee.

In 1995, following the bankruptcy of ICH Corporation, Stephens assigned 12,135 shares of class B Preferred Stock of Stephens Holding Company to the trustee in exchange for the trustee assigning to him any remaining ICH debentures. A December 27, 1995 "Call and Put Option Agreement" between Stephens and defendant's predecessor, gave Stephens or his Estate the right to demand that the defendant, in exchange for due consideration, convey back the shares. Stephens died on July 23, 2005, and by power of appointment, Warren A. Stephens succeeded to his father's rights to the undistributed distributable net income under the trust as well as the remaining trust estate upon termination of the trust.

On October 19, 2005, acting within the powers provided by the trust and upon the demand of the Estate of Jackson T. Stephens, defendant transferred to the Estate the shares in Stephens Holding Company and the Estate transferred to the defendant a promissory note from Warren A. Stephens and the Warren A. Stephens Revocable Trust. The note is in the principal amount of $15,535,000 and bears interest at a rate of 6.438 % per annum. The annual interest payment on the note is $1,000,143.30 and is due in quarterly installments.

The principal amount on the Note is payable on the earlier of October 19, 2049, the death of plaintiff if it occurs before April 2, 2011, or upon default. Since the delivery of the note to the defendant, each quarterly interest payment on the note has been paid and defendant has paid plaintiff each of her quarterly alimony payments.

Plaintiff filed an Affidavit to Claim Against the Estate of Jackson T. Stephens in the Sixteenth Division of the Circuit Court of Pulaski County, Arkansas on September 27, 2005. In the affidavit, plaintiff asserted a claim for alimony and to establish her rights against the Estate under the settlement agreement and Irrevocable Trust Agreement. Plaintiff also requested that the co-executors of the Estate acknowledge her claim and agree that the Estate will remain bound by the terms of said agreements. On October 17, 2005, the co-executors of the Estate, Warren A. Stephens and Jon E. M. Jacoby, filed an approval of plaintiff's claim, acknowledging and approving plaintiff's claim for alimony and agreeing that the Estate will remain bound by the terms of said agreements. Plaintiff filed a Motion to Determine the Present Value of Claims on November 3, 2005. There has been no action on the motion by the probate court.

## STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure states that a party is entitled to summary judgment in the party's favor, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to summary

judgment as a matter of law. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, *884 (1990); *Hohn v. Spurgeon*, 513 F.3d 827, *829 (8th Cir. 2008); *Amir v. St. Louis Univer.*, 184 F.3d 1017, *1024 (8th Cir. 1999). A genuine issue of material fact exists if there is a dispute about a fact material to the outcome of the case, and the dispute is genuine in that a reasonable jury could return a verdict for either party. *Jones v. MN Dep't of Corrections*, 512 F.3d 478, *480 (8th Cir. 2008); *see American Fed'n of State, County, & Mun. Employees v. City of Benton, Ark.*, 513 F.3d 874, *878 (8th Cir. 2008); *Minder v. Local 373*, 513 F.3d 854, *860 (8th Cir. 2008). The evidence presented must be viewed in a light most favorable to the nonmoving party, and the nonmoving party is entitled to the benefit of all reasonable inferences. *Amir*, 184 F.3d at 1024. The nonmoving party must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, *812 (8th Cir. 2008).

## DISCUSSION

Plaintiff asserts that defendant breached the terms of the trust agreement when it accepted the unsecured note from Warren A. Stephens and the Warren A. Stephens Revocable Trust and that by doing so, defendant also breached its fiduciary duty. She also seeks declaratory relief in the form of an injunction requiring defendant to guarantee the assets in the trust and requiring defendant to maintain only guaranteed assets in the trust pursuant to the terms of the trust. She also seeks to have defendant enjoined from further actions detrimental to the trust and beneficiary.

After careful review and consideration, the court finds that this case is premature. The terms of the trust agreement do not require that the assets in the trust be guaranteed. Furthermore, Arkansas statutory law provides that the terms of a trust will prevail over the provisions of the Arkansas Trust Code. Ark. Code Ann. §28-73-105(b) (West 2008). The court is aware that the Arkansas Trust Code further provides that the terms of a trust will not prevail over a trustee's duties to act in good faith and in accordance with the purposes of the trust. *See id.* Defendant, however, has not breached its duties to act in good faith and in accordance with the purposes of the trust.

The court further finds that plaintiff's claim for declaratory relief fails to present a case or controversy. Plaintiff admits that she continues to receive her quarterly alimony payments of $250,000 and she does not believe that Warren A. Stephens is having any type of financial trouble. She fears he may have future financial trouble. A declaratory judgment will not be granted unless the danger or dilemma of the plaintiff is present, not contingent on the happening of hypothetical future events. Indeed, the prejudice to plaintiff's position must be actual and genuine and not merely possible, speculative, contingent, or remote. *Jegley v. Picado*, 349 Ark. 600, *617-18, 80 S.W.3d 332, *340 (2002); *Cummings v. City of Fayetteville*, 294 Ark. 151, *155, 741 S.W.2d 638, *640 (1987); *Stephenson v. Whittington*, 6 Ark. App. 4, *5, 6, 636 S.W.2d 878, *879 (1982). Finally, in that plaintiff continues to receive her quarterly alimony payments, the court to concludes that plaintiff has suffered no damages.

CONCLUSION

After viewing the evidence in a light most favorable to plaintiff, the court finds that a reasonable jury would not return a verdict in her favor. Plaintiff's motion for partial summary judgment is denied. The court hereby grants defendant's motion for summary judgment and the case is dismissed. In light of the court's present ruling, defendant's motions to dismiss [Doc. # 47 and # 48] are denied and all remaining motions [Doc. # 87, # 90, # 93, # 95, # 97, # 99, # 100, and # 106] are denied as moot.

IT IS SO ORDERED this 16th day of July, 2008.

　　　　　　　　　　　　　　　　　　　　／s／ Brian S. Miller
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE