IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


MARY ANN SHULA                                                    PLAINTIFF

v.                              CASE NO. 4:07-CV-00922 BSM

BANK OF AMERICA, N.A.                                            DEFENDANT

<u>ORDER</u>

Pending is defendant's 234 page (with exhibits) motion for attorneys' fees and costs
[Doc. #128 ].  The court granted defendant's motion for summary judgment in this breach
of contract case on July 16, 2008 [Doc. #126 ] and defendant is now seeking to recover the
$274,833.62 in fees and $10,722.71 in expenses that it incurred in defending this case.  For
reasons unclear to the court, this motion was filed under seal, although it contains no
sensitive information requiring it to be kept from public view.

Plaintiff, of course, objects to defendant's motion, arguing that the court has no
authority to grant plaintiff's fee petition.  Alternatively, plaintiff argues that the fees claimed
by defendant are exorbitant and are therefore unreasonable.

Having reviewed the law and examined every page of the legal bills submitted by
defendant, the court finds that it has authority to grant defendant's motion for fees and
expenses.  The court, however, also finds that the $274,833.62 in fees and $10,722.71 in
expenses requested by defendant are unreasonable and, therefore, finds that defendant should
be awarded fees in the amount of $150,000 and expenses in the amount of $9,305.66.

In support of its fee petition, defendant cites the court to Ark. Code Ann. § 16-22-308

(Repl. 1999) and Ark. Code Ann. § 28-73-1004 (West 2008).  In that the complaint specifically alleges that defendant breached its contract with plaintiff, the court finds that it has discretion to award fees to plaintiff pursuant to Ark. Code Ann. § 16-22-308 which provides:

> In any civil action, to recover ... for breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

Although plaintiff asserts that the court has no authority to award fees pursuant to Ark. Code Ann. § 28-73-1004, it does not argue that the court has no authority pursuant to Ark. Code Ann. § 16-22-308.  Plaintiff merely contends that the court should deny defendant's fees and expenses because they are unreasonable.  In support of this claim, plaintiff asserts that Judy Henry's hourly rate of $285 is unreasonable and that Steve Lancaster's hourly rate of $275 is unreasonable.  "What constitutes a reasonable hourly rate is determined by the prevailing rate, *i.e.*, the ordinary rate for similar work in the community where the case has been litigated."  *Duvall v. City of Rogers*, No. Civ. 05-5001 (W.D. Ark. Apr. 11, 2006)(citing *Moysis v. DTG Datanet*, 278 F.3d 819 (8th Cir. 2002)).  The party requesting the fee award bears the burden of substantiating the requested rate as well as the hours expended."  *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).  The court is familiar with the rates of the attorneys practicing in the Little Rock market with similar experience to Ms. Henry and Mr. Lancaster and finds that the rates in question are reasonable, given the level of experience, knowledge and ability of Ms. Henry and Mr.

Lancaster.

Although the court has been provided more than 250 pages of motions, affidavits, billing records and briefs, it does not have sufficient evidence to convince it that the number of hours expended on this case was reasonable.  The court notes that, at its core, this was a breach of contract case in which plaintiff claimed she was damaged when defendant, the trustee for a trust in which she was the beneficiary, permitted a third party to substitute an unsecured personal promissory note for the preferred stock held in the trust.  Simply stated, the issues presented by the complaint were: (a) whether the substitution of the promissory note for the preferred stock was a violation of the trust agreement; and (b) whether plaintiff was damaged as a result of the substitution.  While the court is aware that the lawyers had a difficult time litigating the case due to the distrust between the parties, the court must also note that the portion of this case that is pending in federal court should not have required $274,833.62 in fees, even if the case had gone to trial.

The court also notes that, in the billing records, numerous entries are claimed for attorney conferences in which the reasons for the conferences were not described.  The billing statements contain hundreds of entries for "telephone conference with," "confer with," "prepare correspondence to," "review correspondence from" and "confer with" that do not list the subject of the correspondence or conference.  Without having information explaining the nature of the correspondence and conferences, the court finds that these entries are unreasonable.

Moreover, defendant claims time for tasks that, based on the billing records, seem to be redundant.  For example, from May 3, 2006, to October 16, 2006, the billing records contain the following entries:  "Obtain docket sheet from Pulaski County Circuit Court, Probate Division" 1/10 of an hour; "Arrange to receive court records from Pulaski County Circuit Court, Probate Division, for Judy Henry's review" 2/10 of an hour; "Review court records (2) on probate case" 1/10 of an hour; Obtain copy of Pulaski County Treasurer's affidavit to claim against estate" 1/10 of an hour; "Phone call to Pulaski County Probate clerk regarding Shula's affidavit of claim" 1/10 of an hour; "Receive and Review updated court records from Pulaski County Circuit Court, Probate" 1/10 of an hour; "Go to Pulaski County Courthouse to obtain certified copies of pleadings for co-counsel" 6/10 of an hour; "Review court records on probate case and new pleadings" 1/10 of an hour; "Review 2 claims recorded [sic] in estate of J. Stephens" 1/10 of an hour"; "Obtain court records from Pulaski County Court, Probate Division" 1/10 of an hour; "Obtain court record from Pulaski County Circuit Court, Probate Division" 1/10 of an hour; "Review estate/probate court records regarding status of case and activity" 1/10 of an hour; "Obtain docket sheet from Pulaski County Circuit Court, Probate Division" 1/10 of an hour.  There are many more such entries from October 16, 2006, to the date this case was dismissed.

Defendant also seeks to recover the fees and expenses of Ms. Henry and Mr. Lancaster for traveling to Florida to take plaintiff's deposition.  The court is mindful that it might have been of great benefit to defendant to have both lead counsel and second chair

counsel attend plaintiff's deposition so that both would have been prepared for trial.  The court, however, cannot find that having both travel to Florida for plaintiff's deposition rises to the level of reasonableness that would require plaintiff to reimburse defendant for the fees and expense incurred by both.  Consequently, the court finds that the fees and expenses incurred by Mr. Lancaster, who was second chair, were unreasonable.

Moreover, defendant seeks to recover fees for defense counsel who attended another trial in order to determine the policies and procedures of this court.  Although the court is very aware that defendant may have been well served by counsel's actions had this case gone to trial, the court does not find that her actions rise to the level of reasonableness that would require plaintiff to reimburse defendant for the fees incurred by counsel in attending the trial.  For that reason, the court finds that the fees incurred by defense counsel in attending another trial were unreasonable.

Finally, the billing records indicate that thirteen lawyers and paralegals worked on the file.  Although it seems that there was some overlapping work, it is very difficult to determine just how much of the work was redundant.  The court is therefore required to review the records in their entirety, determine the complexity of the case, and then exercise the discretion provided by Ark. Code Ann. § 16-22-308 and determine a reasonable attorney's fee.  Having performed these tasks, the court finds that, based on the complexity of the case and the hourly rates of the lawyers herein, $150,000 is a reasonable attorneys' fee.  Therefore, the court awards defendant $150,000 in attorneys' fees to be paid by plaintiff.

As set forth above, the court finds that defendant's claim for expenses incurred by Mr. Lancaster in attending plaintiff's deposition in Florida is unreasonable.  Consequently, the court will not order plaintiff to pay the costs of Mr. Lancaster's airplane ticket to Florida ($1,233.50) or the cost of his hotel room in Florida ($183.55).  The court, however, finds that the remainder of the expenses requested by defendant in the amount of $9,305.66 are reasonable.  Therefore, the court awards defendant $9,305.66 in expenses to be paid by plaintiff.

The court finds that Ark. Code Ann. § 28-73-1004 gives the court discretion in awarding attorneys' fees and costs and the court, in exercising its discretion, denies defendant's motion for fees pursuant to this statute.

The court denies plaintiff's motion to defer determination on defendant's motion for attorneys' fees until the Eighth Circuit rules on the appeal of the underlying case.

The court denies plaintiff's request that the court order that the attorneys' fees and costs awarded herein be payed from the trust.

Accordingly, the motion for attorneys' fees and costs is granted to the extent set forth above.  The motion to defer adjudication is denied.  The motion to pay the attorneys' fees and costs from the trust is denied.

IT IS SO ORDERED this 15th day of September, 2008.

UNITED STATES DISTRICT JUDGE