**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**MARY ANN SHULA**                                                           **PLAINTIFF**

**v.**                              **CASE NO. 4:07-CV-00922 BSM**

**BANK OF AMERICA, N.A.**                                                **DEFENDANT**

<u>**ORDER**</u>

The Eighth Circuit Court of Appeals correctly reversed the September 15, 2008 order

granting defendant's motion for fees (Doc. No. 139) because that order improperly awarded

attorneys fees and costs to defendant Bank of America, N.A. pursuant to Arkansas Code

Annotated section 16-22-308, although it should have analyzed defendant's fee petition

pursuant to Arkansas Code Annotated § 28-73-1004 (Doc. No. 152).   On remand,

defendant's fee petition has been reviewed pursuant to Arkansas Code Annotated § 28-73-

1004 and it is hereby found that defendant's request for fees in the amount of $274,833.62

and expenses in the amount of $10,722.71are unreasonable and that defendant should be

awarded fees in the amount of $150,000 and expenses in the amount of $9,305.66.

Arkansas Code Annotated § 28-73-1004 provides:

> In a judicial proceeding involving the administration of a trust, a court, as justice and
> equity may require, may award costs and expenses, including reasonable attorney's
> fees, to any party, to be paid by another party or from the trust that is the subject of
> the controversy.

"What constitutes a reasonable hourly rate is determined by the prevailing rate, *i.e.*, the

ordinary rate for similar work in the community where the case has been litigated." *Duvall*

*v. City of Rogers*, No. Civ. 05-5001 (W.D. Ark. Apr. 11, 2006)(citing *Moysis v. DTG Datanet*, 278 F.3d 819 (8th Cir. 2002)).  The party requesting the fee award bears the burden of substantiating the requested rate as well as the hours expended." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

The hourly rates sought by defense counsel, Judy Henry and Spencer Lancaster, are in line with the rates of other attorneys practicing in Little Rock with similar experience. Consequently, the rates sought by Ms. Henry and Mr. Lancaster are reasonable.

Although defendant has provided more than 250 pages of motions, affidavits, billing records and briefs, there is not sufficient evidence to justify as reasonable the number of hours expended on this case.  It is noted that, at its core, this was a breach of contract case in which plaintiff claimed she was damaged when defendant, the trustee for a trust in which she was the beneficiary, permitted a third party to substitute an unsecured personal promissory note for the preferred stock held in the trust.  Simply stated, the issues presented by the complaint were: (a) whether the substitution of the promissory note for the preferred stock was a violation of the trust agreement; and (b) whether plaintiff was damaged as a result of the substitution.  Although it is noted that the lawyers had a difficult time litigating the case due to the distrust between the parties, it is also noted that the portion of this case that is pending in federal court should not have required $274,833.62 in fees, even if the case had gone to trial.

Further, in the billing records, numerous entries are claimed for attorney conferences

in which the reasons for the conferences were not described.  The billing statements contain hundreds of entries for "telephone conference with," "confer with," "prepare correspondence to," "review correspondence from" and "confer with" that do not list the subject of the correspondence or conference.  Without having information explaining the nature of the correspondence and conferences, these entries are deemed unreasonable.

Moreover, defendant claims time for tasks that, based on the billing records, seem to be redundant.  For example, from May 3, 2006, to October 16, 2006, the billing records contain the following entries:  "Obtain docket sheet from Pulaski County Circuit Court, Probate Division" 1/10 of an hour; "Arrange to receive court records from Pulaski County Circuit Court, Probate Division, for Judy Henry's review" 2/10 of an hour; "Review court records (2) on probate case" 1/10 of an hour; Obtain copy of Pulaski County Treasurer's affidavit to claim against estate" 1/10 of an hour; "Phone call to Pulaski County Probate clerk regarding Shula's affidavit of claim" 1/10 of an hour; "Receive and Review updated court records from Pulaski County Circuit Court, Probate" 1/10 of an hour; "Go to Pulaski County Courthouse to obtain certified copies of pleadings for co-counsel" 6/10 of an hour; "Review court records on probate case and new pleadings" 1/10 of an hour; "Review 2 claims recorded [sic] in estate of J. Stephens" 1/10 of an hour"; "Obtain court records from Pulaski County Court, Probate Division" 1/10 of an hour; "Obtain court record from Pulaski County Circuit Court, Probate Division" 1/10 of an hour; "Review estate/probate court records regarding status of case and activity" 1/10 of an hour; "Obtain docket sheet from Pulaski

County Circuit Court, Probate Division" 1/10 of an hour.  There are many more such entries from October 16, 2006, to the date this case was dismissed.

Defendant also seeks to recover the fees and expenses of Ms. Henry and Mr. Lancaster for traveling to Florida to take plaintiff's deposition.  Although it might have been of great benefit to defendant to have both lead counsel and second chair counsel attend plaintiff's deposition, it would be unreasonable to require plaintiff to reimburse defendant for the fees and expense incurred by both.  Consequently, the fees and expenses incurred by Mr. Lancaster, who was second chair, were unreasonable.

Moreover, defendant seeks to recover fees for defense counsel who attended another trial in order to determine the policies and procedures of this court.  Although defendant may have been well served by counsel's actions had this case gone to trial, it would be unreasonable to require plaintiff to reimburse defendant for the fees incurred by counsel in attending the trial.  For that reason, the fees incurred by defense counsel in attending another trial were unreasonable.

Finally, the billing records indicate that thirteen lawyers and paralegals worked on the file.  Although it seems that there was some overlapping work, it is very difficult to determine just how much of the work was redundant. Consequently, to determine a reasonable attorney's fee, a records review was conducted to determine the complexity of the case.  Having performed this task, it is hereby found that, based on the complexity of the case and the hourly rates of the lawyers herein, $150,000 is a reasonable attorneys' fee.

Therefore, plaintiff is ordered to pay $150,000 in attorneys fees to defendant.

As set forth above, defendant's claim for expenses incurred by Mr. Lancaster in attending plaintiff's deposition in Florida is unreasonable.  Consequently, plaintiff is not ordered to pay the cost of Mr. Lancaster's airplane ticket to Florida ($1,233.50) or the cost of his hotel room in Florida ($183.55).  The remainder of the expenses requested by defendant in the amount of $9,305.66, however, are reasonable.  Therefore, plaintiff shall pay defendant's expenses in the amount of $9,305.66.

Plaintiff's request that the attorneys' fees and costs awarded herein be payed from the trust is denied.

Accordingly, the motion for attorneys' fees and costs is granted to the extent set forth above; and the motion to pay the attorneys' fees and costs from the trust is denied.

IT IS SO ORDERED this 22nd day of January, 2010.

_____
UNITED STATES DISTRICT JUDGE